# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS ERIC NELSON, JR.,

             Plaintiff,

v.

P.O. MALINA, P.O. KESSER, MILWAUKEE COUNTY, K-9 P.O. JAGR, CHIEF OF POLICE EDWARD FLYNN, COURT COMMISSIONER ROSA M. BARILLAS, and JOHN DOES,

             Defendants.

Case No. 18-CV-622-JPS

**ORDER**

      Plaintiff Thomas Eric Nelson, Jr., who is representing himself, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (Docket #1). He has also filed a motion seeking leave to proceed without prepayment of the filing fee, (Docket #2), and a motion for a response from defendants (Docket #8). This case is currently assigned to Magistrate Judge Nancy Joseph; however, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to a District Judge for the limited purpose of screening the complaint. The case will be returned to Magistrate Joseph for further proceedings after entry of this order.

      This decision, therefore, resolves Plaintiff's motions and screens his complaint.

1.      **Motion for Leave to Proceed without Prepayment of the Filing Fee**

The Prison Litigation Reform Act applies to this case because Plaintiff was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the civil case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On April 19, 2018, Magistrate Joseph ordered Plaintiff to pay an initial partial filing fee of $9.05. (Docket #6). Plaintiff paid that fee on April 26, 2018. Therefore, the court will grant his motion for leave to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2.      **Screening of the Complaint**

The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 2.1   The Plaintiff's Allegations

Plaintiff alleges that on March 18, 2014, he was unlawfully seized and searched in violation of his constitutional rights. He states that as he finished parking his vehicle, P.O. Malina exited a vehicle with "NTF" printed on the side and approached Plaintiff's vehicle. Upon approach, Malina reached through the window of Plaintiff's driver's side door and grabbed his left wrist. At some point, Malina asked for and Plaintiff handed

him his license. Malina placed the license in his pocket and had Plaintiff exit the vehicle. Malina then searched Plaintiff.

Plaintiff states that during the search, Malina "tapped" his testicles a number of times and stated that he felt drugs on Plaintiff. (Docket #1 at 5). Plaintiff responded, "that's not drugs that's my balls you feel, that hurts, stop." *Id*. Plaintiff was put in ankle shackles and made to stand in the middle of the street as Malina conducted the search of his vehicle.

During Malina's search of Plaintiff's person and his vehicle, two other officers were present. P.O. Kesser was standing behind Malina and another officer was sitting in the NTF-labelled vehicle that he had moved and parked directly across the street from Plaintiff's vehicle. Plaintiff states that the two other officers just stood there. After searching the vehicle and finding nothing, Malina called for the K-9 unit and had the dog, Jagr, search the vehicle. Again, nothing was found.

Still believing that Plaintiff was in possession of drugs, Malina asserted Plaintiff had the drugs in his "butt." *Id*. Malina, Kesser, and the other unknown officer took Plaintiff to the "fifth district," where they secured a body cavity search warrant. They then took Plaintiff to St. Francis Hospital where the search was performed by a nurse. Nothing was found.

Malina charged Plaintiff with obstructing an officer and took him back to the "fifth district" for booking, and Malina conducted the booking process. During the booking process search of Plaintiff, Malina stated he again felt something and had Kesser search Plaintiff. Kesser touched Plaintiff's testicles as well which caused Plaintiff pain. Again, no drugs were found. Plaintiff was booked and processed. The charge was later dismissed.

Plaintiff seeks injunctive relief and compensatory and punitive damages.

## 2.2 The Court's Analysis

Before moving to Plaintiff's substantive claims, the court notes that he cannot sue K-9 P.O. Jagr under § 1983. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. K-9 P.O. Jagr is not a person—it is not an individual subject to suit under § 1983. *See Will v. Mich. Dept. of State Police,* 491 U.S. 58, 71 (1989); 42 U.S.C. § 1983. Rather, it is, as alleged, a dog. Thus, the court will dismiss it as a defendant.

Additionally, the court will dismiss Chief of Police Edward Flynn, Court Commissioner Rosa M. Barillas, and the two John Does as defendants. "An individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation." *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996) (citations omitted); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). There is no supervisory liability, collective liability or vicarious liability under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). In other words, there is no liability unless the defendant is personally involved in the violation of the plaintiff's rights. *See Morfin v. City of E. Chi.*, 349 F.3d 989, 1001 (7th Cir. 2003). Although Plaintiff names Chief of Police Edward Flynn, Court Commissioner Rosa M. Barillas, and the two John Does as defendants in the caption of his complaint, Plaintiff does not state what these individuals did, or what they failed to do, to violate his rights. Thus, the court will dismiss them as defendants.

Also, the court will dismiss Milwaukee County as a defendant. A local governing body may be liable for monetary damages only "if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009) (citing *Monell v. Dept. of Social Servs. of N.Y.*, 436 U.S. 658, 690 (1978)); *Shields v. Ill. Dep't. of Corr.*, 746 F. 3d 782, 789–90 (7th Cir. 2014). Plaintiff does not allege any of these three grounds for liability exists. He has not pointed out any offensive policy that harmed him, he has not alleged that there was some unconstitutional practice or custom that harmed him, nor has he identified an official with policy-making authority who caused him harm. Therefore, the court will dismiss Milwaukee County as a defendant.

Regarding his substantive claims, Plaintiff seems to be alleging that the defendants violated his Fourth Amendment right against unreasonable searches and seizures by 1) initially detaining him and searching his person and his vehicle, 2) having a warrant issued for and conducting a cavity search of his person, 3) falsely arresting him, and 4) again searching his person during booking. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. Generally, a search or seizure must be carried out pursuant to a warrant based on probable cause to be reasonable. *See United States v. Chadwick*, 433 U.S. 1, 9–11 (1977); *Terry v. Ohio*, 392 U.S. 1, 28 (1968). However, a person may be detained if the police have probable cause to believe the person committed a crime, *Bailey v. United States*, 568 U.S. 186, 192 (2013), or the police may

conduct a *Terry* stop when they have a "reasonable suspicion that criminal activity is afoot," *Matz v. Klotka*, 769 F. 3d 517, 522 (7th Cir. 2014). Additionally, "[w]arrantless, nonconsensual searches of motor vehicles in use on public highways do not violate the Fourth Amendment if the officers conducting the search have probable cause to believe the vehicle contains contraband." *United States v. Spears*, 965 F.2d 262, 268 (7th Cir. 1992) (citing *California v. Carney*, 471 U.S. 386, 392 (1985)).

Plaintiff states that he was merely parking his car when he was suddenly subjected to detention and a search of his person and vehicle by Malina. Because the court is only aware of the circumstances as presented by Plaintiff, it would seem that Malina did not possess a warrant, probable cause, or a reasonable suspicion for executing the detention and search of Plaintiff or his vehicle. Thus, Plaintiff has alleged a Fourth Amendment claim against Malina.

Additionally, Plaintiff has plausibly alleged that the search of his person again by Malina and then also by Kesser during booking may have been done without probable cause. Indeed, this search was conducted not only after Plaintiff had been searched during the initial stop and had been in the custody of the officers since that time but also subsequent to Plaintiff's body cavity search. Plaintiff may, therefore, proceed with this Fourth Amendment claim against Malina and Kesser.

It would seem that Plaintiff has also sufficiently alleged a claim of false arrest. To prevail on a false-arrest claim under § 1983, a plaintiff must show that there was no probable cause for his arrest. *Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012). An officer has probable cause to arrest if "at the time of the arrest, the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of

reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (quoting *Gonzalez v. City of Elgin,* 578 F.3d 526, 537 (7th Cir. 2009)). That determination depends on the elements of the underlying criminal offense. *Stokes v. Bd. of Educ.*, 599 F.3d 617, 622 (7th Cir. 2010). Plaintiff was charged with obstructing an officer. As alleged, Malina seems to have arrested Plaintiff for obstructing his arrest of Plaintiff for drug possession. Such an action is neither understandable nor reasonable because Plaintiff had been searched for drugs on his person, in his vehicle, and in his body cavities—areas within Plaintiff's immediate vicinity at the time—and no drugs were found. Thus, Plaintiff may proceed with his claim against Malina for false arrest.

Plaintiff, however, may not proceed with his Fourth Amendment claim regarding the body cavity search warrant and the subsequent body cavity search. A search subsequent to a warrant is invalid if the warrant is invalid due to a misleading affidavit or the warrant is later invalidated and there was no good faith reliance for the officer to conduct the search. *United States v. Koerth*, 312 F.3d 862, 865 (7th Cir. 2002). Plaintiff does not assert that the warrant issued for the body cavity search was improperly issued or that it was later invalidated. Therefore, he cannot proceed on that claim.

In sum, the court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Unreasonable search and seizure of Plaintiff's person and vehicle, in violation of the Fourth Amendment, against Malina;

**Claim Two:** Unreasonable search of Plaintiff's person during booking, in violation of the Fourth Amendment, against Malina and Kesser; and

**Claim Three:** False arrest of Plaintiff, in violation of the Fourth Amendment, against Malina.

Additionally, because the court is only now screening Plaintiff's complaint in compliance with § 1915A(a), it will deny as unnecessary Plaintiff's motion for the defendants to respond to his complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that Plaintiff's motion for a response (Docket #8) be and the same is hereby **DENIED;**

**IT IS FURTHER ORDERED** that Milwaukee County, K-9 P.O. Jagr, Chief of Police Edward Flynn, Court Commissioner Rosa M. Barillas, and the John Does be and the same are hereby **DISMISSED** as defendants;

**IT IS FURTHER ORDERED** that under an informal service agreement between Milwaukee County and this court, the clerk's office shall electronically send copies of Plaintiff's complaint and this order to Milwaukee County for service on defendants P.O. Malina and P.O. Kesser;

**IT IS FURTHER ORDERED** that under an informal service agreement between Milwaukee County and this court, defendants P.O. Malina and P.O. Kesser shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the

Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that this case be **RETURNED** to United States Magistrate Judge Nancy Joseph for further proceedings;

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions; and

**IT IS FURTHER ORDERED** that Plaintiff shall mail all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in

orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 23rd day of August, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge