# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THOMAS A. NELSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> P.O. ANDREW MOLINA, P.O. SCOTT KAISER, P.O. MICHAEL MARTIN, MILWAUKEE POLICE DEPARTMENT, JUDGE REBECCA BRADLEY, CHIEF OF POLICE EDWARD FLYNN, CITY OF MILWAUKEE, and P.O. DEREK VERNON, <br><br> Defendants. | Case No. 18-CV-622-JPS <br><br><br> **ORDER** |

**1. INTRODUCTION**

On April 18, 2018, Plaintiff Thomas A. Nelson, Jr., who is representing himself, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (Docket #1). The court screened that complaint on August 23, 2018 and allowed Plaintiff to proceed on Fourth Amendment claims of unreasonable search and seizure and false arrest against several defendants and dismissed other defendants because Plaintiff had failed to state a claim against them. (Docket #11). Plaintiff then filed a motion to amend his complaint on September 4, 2018, (Docket #15), and on September 19, 2018, filed a motion seeking leave to file a second amended complaint, (Docket #19).

This case is currently assigned to Magistrate Judge Nancy Joseph; however, because not all parties have had the opportunity to consent to

magistrate judge jurisdiction, the case was randomly referred to a District Court judge for the limited purpose of screening the complaint. The case will be returned to Judge Joseph for further proceedings after entry of this order.

Additionally, under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave when justice so requires" for a plaintiff to amend his complaint. To that end, the court will grant Plaintiff's second motion seeking leave to amend his complaint, (Docket #19), thus rendering moot his other motion to amend his complaint, (Docket #15). This decision, therefore, screens Plaintiff's second amended complaint.

## 2. SCREENING OF THE COMPLAINT

The court shall screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## 2.1 Plaintiff's Allegations

Plaintiff alleges that on March 18, 2014, he was unlawfully searched and seized in violation of his constitutional rights. He states that as he finished parking his vehicle in front of his cousin's house, a Milwaukee Police Department truck with "NTF" printed on the side of it drove past his vehicle and stopped a car's length in front of him. Plaintiff alleges that P.O. Andrew Molina exited the police truck and approached Plaintiff's vehicle. Upon arriving at Plaintiff's vehicle, Molina reached through the window of Plaintiff's driver's side door, grabbed Plaintiff's left wrist, and pulled Plaintiff out of the vehicle. The court assumes Plaintiff means he was slightly pulled by his left arm through the window of his vehicle, because

Plaintiff goes on to note that he used his other hand to provide Molina with his driver's license as well as unbuckle his seatbelt. Also, Plaintiff states that Molina continued to pull him out of the vehicle, which the court assumes was now through the door.

Plaintiff alleges that at that point, Molina put Plaintiff's driver's license in his pocket, pulling Plaintiff's "pants and boxers up between the crack of [his] buttocks and yank[ing] upwards a number of times." (Docket #21 at 4). Molina then searched Plaintiff during which he "tapped" Plaintiff's testicles several times and stated that he felt drugs on Plaintiff. *Id*. Plaintiff responded, "that's not drugs you feel that's my balls you feel, that hurts, stop." *Id*. Plaintiff was then cuffed, put in ankle shackles and made to stand in the middle of the street as Molina conducted the search of his vehicle.

During Molina's search of Plaintiff's person and his vehicle, two other officers were present, P.O. Scott Kaiser and P.O. Michael Martin. He states that Kaiser and Martin just stood there several feet behind Molina. After searching the vehicle and finding nothing, Molina called for the K-9 unit. P.O. Derek Vernon arrived with the canine officer Jagr that searched the vehicle. No drugs were found.

Still believing that Plaintiff was in possession of drugs, Molina asserted Plaintiff had the drugs in his "butt." *Id*. Plaintiff alleges that Molina applied for a body cavity search warrant that

> incorrectly stated [Plaintiff] had a history of possession with intent to sell crack and cocaine, that [Plaintiff] was reaching for a weapon, that [Plaintiff would not keep [his] hands up, that [Plaintiff] was trying to elude him, that [Plaintiff] did not have [his] seatbelt on, and a very broad statement of [Molina's] experiences as an officer.

*Id*. at 5. After securing the warrant, which was issued by Judge Rebecca Bradley, Plaintiff was taken to Wheaton Franciscan Health Care – St. Francis Hospital where the search was performed by a nurse. Nothing was found.

Molina, nevertheless, charged Plaintiff with obstructing an officer and took him to the "fifth district" for booking. Molina conducted the booking process during which he again searched Plaintiff. Molina stated he again felt something and had Kaiser search Plaintiff as well. During his search of Plaintiff, Kaiser touched Plaintiff's testicles.

Molina, Kaiser, and Martin then took Plaintiff to the Milwaukee County Jail. Because Molina informed the deputy at the jail that Plaintiff had drugs on him, Plaintiff was taken to a cell by an unknown sheriff's deputy and asked to "remove [his] clothes…, raise [his] arms, open [his] mouth for inspection, spread [his] legs apart, lift [his] penis and scrotum…, spread [his] buttocks, [and] squat and cough." *Id*. at 7. Plaintiff was booked and processed. The charge, however, was later dismissed.

Plaintiff subsequently filed this lawsuit seeking injunctive relief and compensatory and punitive damages.

### 2.2 The Court's Analysis

Plaintiff asserts several constitutional claims against the defendants. He alleges that his Fourth Amendment right against unreasonable searches and seizures was violated by Molina and Kaiser when he was detained and searched, when his vehicle was searched, when he was again searched during booking, and when a deputy sheriff searched him again. He also states he was falsely arrested by Molina and that the body cavity search warrant was issued based on Molina's "incorrect" affidavit. Plaintiff further alleges that Judge Bradley issued the warrant based on the false information in Molina's affidavit without investigating. Also, he alleges that the City of

Milwaukee, the Milwaukee Police Department, and Chief of Police Edward Flynn are liable for his Fourth Amendment claims because the violations are a governmental practice or custom that is widespread and well-settled.

Plaintiff, however, has not alleged any facts supporting a claim that Martin abridged any of his constitutional rights. Plaintiff alleges only that Martin drove the police truck that Molina got out of to effectuate the search and seizure of Plaintiff. Martin, along with Molina and Kaiser, then took Plaintiff to the Milwaukee County Jail. "An individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation." *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996) (citations omitted); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). Thus, the court will dismiss Martin as a defendant. The court will address the sufficiency of Plaintiff's other claims in turn.

### 2.2.1 Unreasonable Search and Seizure

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. Generally, a warrant based on probable cause is needed for a search or seizure to be considered reasonable. *See United States v. Chadwick*, 433 U.S. 1, 9–11 (1977); *Terry v. Ohio*, 392 U.S. 1, 28 (1968). The police, however, may detain a person if they have probable cause to believe the person committed a crime. *Bailey v. United States*, 568 U.S. 186, 192 (2013). The police may also conduct what is known as a *Terry* stop when they have a "reasonable suspicion that criminal activity is afoot[.]" *Matz v. Klotka*, 769 F. 3d 517, 522 (7th Cir. 2014). Furthermore, "[w]arrantless, nonconsensual searches of motor vehicles in use on public highways do not violate the Fourth Amendment if the officers

conducting the search have probable cause to believe the vehicle contains contraband." *United States v. Spears*, 965 F.2d 262, 268 (7th Cir. 1992) (citing *California v. Carney*, 471 U.S. 386, 392 (1985)).

Plaintiff alleges that Molina searched and seized him right after he had parked his car. He does not state, and the court is unaware of whether Molina possessed a valid warrant for that search and seizure, whether probable cause existed, or whether Molina had a reasonable suspicion for executing the detention and search of Plaintiff or his vehicle. Thus, Plaintiff has sufficiently alleged a Fourth Amendment claim against Molina.

Plaintiff also alleges that Vernon had canine officer Jagr further search his vehicle after Vernon was called to the scene of the seizure by Molina. The Supreme Court has held that "probable cause is probable cause." *Illinois v. Gates*, 462 U.S. 213 (1983). Indeed, probable cause for an arrest does not differ from the probable cause needed for a search. *See United States v. Macklin*, 902 F.2d 1320, 1324 (1990) (noting that the probable cause for a wiretap order "does not differ from that required by the Fourth Amendment for a search warrant"). Thus, under the "collective knowledge doctrine" as explained in *United States v. Howard*, 883 F.3d 703, 707 (7th Cir. 2018), if Molina had probable cause to search Plaintiff's vehicle, that probable cause would be attributable to Vernon as he was acting at the direction of Molina. "[T]he [search] is proper so long as the knowledge of the officer directing the [search] . . . is sufficient to constitute probable cause." *Id*. (quoting *Parra*, 402 F.3d at 764). Because Molina, as alleged, did not have probable cause to search and seize Plaintiff, Vernon's execution of the canine search at Molina's direction lacked probable cause. Therefore, Plaintiff has sufficiently alleged a Fourth Amendment claim of unreasonable search and seizure against Vernon.

Additionally, Plaintiff has plausibly alleged that the search of his person by Molina at booking, then also by Kaiser, and finally by a sheriff's deputy that was influenced by a statement made by Molina were all done without probable cause. These searches were conducted after Plaintiff had been searched during the initial stop, after he had been in the custody of the officers since that time, and after Plaintiff had been subjected to a body cavity search. Plaintiff may, therefore, proceed with a Fourth Amendment claim against Molina and Kaiser.

### 2.2.2 False Arrest

Plaintiff's factual allegations also support a claim of false arrest against Molina. To prevail on such a claim under § 1983, a plaintiff must show that there was no probable cause for his arrest. *Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012). Probable cause to arrest a person exists if "at the time of the arrest, the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (quoting *Gonzalez v. City of Elgin,* 578 F.3d 526, 537 (7th Cir. 2009)). That determination depends on the elements of the underlying criminal offense. *Stokes v. Bd. of Educ.*, 599 F.3d 617, 622 (7th Cir. 2010).

Plaintiff was arrested and only charged with obstructing an officer. Wisconsin defines such obstruction, "without limitation," as "knowingly giving false information to the officer or knowingly placing physical evidence with intent to mislead the officer in the performance of his or her duty." Wis. Stat. § 946.41 (2018). Thus, it seems Molina arrested Plaintiff for obstructing his arrest of Plaintiff for drug possession. As the court noted in its order screening Plaintiff's original complaint, such an action is neither

understandable nor reasonable. Plaintiff had been searched for drugs on his person, in his vehicle, and in his body cavities—areas within Plaintiff's immediate vicinity at the time—and no drugs were found. Thus, Plaintiff may proceed with his claim against Molina for false arrest.

### 2.2.3 Body Cavity Search Warrant

Plaintiff also alleges a Fourth Amendment search and seizure claim regarding the issuance of the body cavity search warrant against Molina. Specifically, he states that Molina provided false information in an affidavit to secure the body cavity search warrant. The Seventh Circuit holds that "a warrant request violates the Fourth Amendment if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the determination that a warrant should issue." *Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003) (citing *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 742–43 (7th Cir.2003); *Olson v. Tyler*, 771 F.2d 277, 281 (7th Cir.1985)). The court is unaware of whether there was any other evidence that may have been submitted in support of the warrant or whether Molina knowingly provided the false information in the affidavit. However, at this stage, the court finds that Plaintiff has sufficiently alleged a Fourth Amendment claim against Molina regarding his securing of the body cavity search warrant based on false information.

The court, however, finds that it must dismiss Judge Bradley based on judicial immunity. It is well established that judges, being sued solely for judicial acts, are generally protected by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Forrester v. White*, 484 U.S. 219, 225–29 (1988); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Myrick v. Greenwood*, 856 F.3d 487, 488 (7th Cir. 2017). Allegations of bad faith or

malice are not enough to overcome judicial immunity. *Mireles*, 502 U.S. at 11. Indeed, a judge has absolute judicial immunity from suit if her "actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity." *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)); *Mireles*, 502 U.S. at 11–12. There is no suggestion that Judge Bradley was without jurisdiction to render the decision to issue the search warrant. Further, Plaintiff's claim that Judge Bradley issued the search warrant based on Molina's allegedly false affidavit clearly concerns an act that was taken in her judicial capacity. Thus, Judge Bradley must be dismissed.

### 2.2.4 Policy Claim

Lastly, Plaintiff alleges a Monell claim. His complaint, construed liberally, alleges that the local governing body for the Milwaukee Police Department is liable for monetary damages to him because the Fourth Amendment claims on which he has been allowed to proceed are a part of "a governmental practice or custom that, although not officially authorized, is widespread and well-settled." *Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009) (citing *Monell v. Dept. of Social Servs. of N.Y.*, 436 U.S. 658, 690 (1978)); *Shields v. Ill. Dep't. of Corr.*, 746 F. 3d 782, 789–90 (7th Cir. 2014). He then names the City of Milwaukee, the Milwaukee Police Department, and Chief of Police Edward Flynn as the defendants that are liable for the claim.

The Milwaukee Police Department is an agency of the City of Milwaukee, and, therefore, cannot be sued separately from the City of Milwaukee. *See Averhart v. City of Chicago*, 114 F. App'x 246, 247 (7th Cir. 2004). Further, a suit against the Chief of Police in his official capacity is also

a suit against the City of Milwaukee. *See Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (pretrial detainee's § 1983 claims against county sheriff in his official capacity were properly treated as claims against county itself). To that end, the court will dismiss the Milwaukee Police Department and Chief of Police Edward Flynn as defendants. Plaintiff may proceed with his policy claim against the City of Milwaukee.

3. **CONCLUSION**

In sum, the court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Unreasonable search and seizure of Plaintiff's person and vehicle in violation of the Fourth Amendment against Molina and Vernon;

**Claim Two:** Unreasonable search of Plaintiff's person during booking in violation of the Fourth Amendment against Molina and Kaiser;

**Claim Three:** False arrest of Plaintiff in violation of the Fourth Amendment against Molina;

**Claim Four:** Unreasonable search pursuant to search warrant based on a false affidavit in violation of the Fourth Amendment against Molina; and

**Claim Five:** Long-standing, wide-spread governmental policy and practice in violation of the Fourth Amendment against the City of Milwaukee.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to amend his complaint (Docket #15) be and the same is hereby **DENIED as moot;**

**IT IS FURTHER ORDERED** that Plaintiff's second motion for leave to amend his complaint (Docket #19) be and the same is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that Plaintiff's proposed second amended complaint (Docket #21) is now his operative pleading in this lawsuit;

**IT IS FURTHER ORDERED** that Milwaukee Police Department, Chief of Police Edward Flynn, P.O. Michael Martin, and Judge Rebecca Bradley be and the same are hereby **DISMISSED** as defendants;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the second amended complaint and this order upon defendants P.O. Andrew Molina, P.O. Scott Kaiser, P.O. Derek Vernon, and the City of Milwaukee pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give Plaintiff information on how to remit payment. The court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that the defendants P.O. Andrew Molina, P.O. Scott Kaiser, P.O. Derek Vernon, and the City of Milwaukee shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that this case be **RETURNED** to United States Magistrate Judge Nancy Joseph for further proceedings;

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions; and

**IT IS FURTHER ORDERED** that Plaintiff shall mail all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises Plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge